# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NUMBER 6:17-CR-00077-JDK- |
| v. § | JDL |
| § | |
| § | |
| DEREK LAMAR ELAM (2) § | |
| § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On July 22, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Derek Lamar Elam. The government was represented by Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, federal public defender.

Defendant originally pled guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute 5 grams or More of Methamphetamine (actual), a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of IV, was 84 to 105 months. On May 15, 2018, pursuant to the government's motion for a departure, U.S. District Judge Ron Clark of the Eastern District of Texas sentenced Defendant to 70 months imprisonment, followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and substance abuse testing and treatment. On July 1, 2022, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release on October 13, 2023, when Defendant submitted a urine specimen that tested positive for cocaine. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by preponderance of the evidence that Defendant violated conditions of supervision by possessing cocaine, Defendant will be in violation of Texas Health and Safety Code § 481.115 and have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade B violation is 12 to 18 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above by the unlawful possession of a controlled substance as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 18 months imprisonment with no supervised release to follow, to run concurrent with the sentence imposed in Case Number 6:24-cr-51, Eastern District of Texas, Tyler Division.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to 18 months imprisonment with no supervised release to follow, to run concurrent with the sentence imposed in Case Number 6:24-cr-51, Eastern District of Texas, Tyler Division. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville or FCI Texarkana. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 22nd day of July, 2025.**

*[Signature: John D. Love]*

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE